UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN S. H., | Case No.: 2:24-cv-13400 |
|     Plaintiff, | |
| v. | Honorable Susan K. DeClercq<br>United States District Judge |
| FRANK BISIGNANO,[1]<br>COMMISSIONER<br>OF SOCIAL SECURITY, | |
|     Defendant.<br>_____/ | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (ECF No. 20) AND AWARDING ATTORNEY'S FEES**

In July 2025, this Court issued a stipulated order remanding the above-captioned case under sentence four of 42 U.S.C. § 405(g). ECF Nos. 18; 19. A month later, Plaintiff filed a motion seeking attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which Defendant does not oppose. *See* ECF No. 20 at PageID.1224.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Civil Rule 25(d), although Plaintiff named a former Commissioner of Social Security Martin O'Malley in his original complaint, *see* ECF No. 1 at PageID.1, Bisignano should be substituted for O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Under the EAJA, the government is required to pay a prevailing plaintiff's attorney's fees and costs "unless the court finds that the position of the [government] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2142(d)(1)(A). Defendant does not dispute that Plaintiff is the "prevailing party," nor does it assert its position was substantially justified. *See* ECF No. 20 at PageID.1224. And this Court finds that the amount of attorney's fees Plaintiff requests—$5,425.00—is reasonable. Plaintiff's counsel reports he spent 31 hours on this matter, and requests fees at a rate of $175 per hour,[2] which is reasonable in light of current market rates and Plaintiff's Counsel's many decades of experience. *See* ECF Nos. 20-3; 20-4.

In sum, Plaintiff's motion will be granted and attorney's fees shall be allowed in this case under the EAJA in the amount of $5,425.00 to be paid by Defendant.

//

//

//

//

---

[2] "The EAJA provides that hourly rates shall be determined 'based upon prevailing market rates for the kind and quality of the services furnished,' but also imposes a presumptive cap of $125 per hour." *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 488 (6th Cir. 2021) (quoting 28 U.S.C. § 2412(d)(2)(A)). But a court may exceed that $125 per hour cap if it "determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

- 3 -

Accordingly, it is **ORDERED** that Plaintiff's motion for attorney's fees, ECF No. 20, is **GRANTED.**

Further, it is **ORDERED** that Plaintiff is **AWARDED** $5,425.000 in attorney's fees under the EAJA to be paid by Defendant

/s/*Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 10, 2025